## CHAMBERLIN v. PRIOR.

### September, 1866.

A silent partner who did not know, nor assume to know, as to the truth of a statement of the condition of the firm made by one of his copartners, to a person who purchased an interest in the firm on the faith of such statement,—*Held*, not liable for damages to such person arising from fraud in the statement.[*]

The rule that this court will not reverse on questions of fact,—reiterated.

William B. Chamberlin sued Henry Prior (for whom, on his death, Horace Prior and Henry Prior, his executors, were substituted), in the supreme court, to recover damages arising from alleged fraudulent representations made by Henry Prior to plaintiff.

In November, 1858, plaintiff applied to Henry Prior, desiring to purchase his interest in the firm of Prior, Holcomb & Co., doing business in New York; and Henry Prior, who was a dormant partner, unacquainted with the details of the business or the financial condition of the firm, referred plaintiff for information to the books of the firm, and to Mr. Holcomb, who kept them. Mr. Holcomb, however, refused to allow the books to be examined, but made for plaintiff a statement of the financial standing of the firm. This statement was false, and under-rated the debts of the firm. Both

[*] See Marsh v. Falker, 40 *N Y.* 562; Chester v. Comstock, *Id.* 575, note; affirming 6 *Robt.* 1.

plaintiff and Henry Prior, however, believed the statement. to be true; and on November 20, 1858, plaintiff purchased the interest of Henry Prior in the partnership for about two thousand two hundred dollars, and Henry Prior made a bill of sale to plaintiff, into which was incorporated the statement drawn up by Holcomb, but immediately following it were the words : "And reference is hereby made to the books of the firm of H. P. & Co., for a more full and complete description." In February, 1860, the firm failed, and in 1863 this suit was brought to recover damages to plaintiff arising from the falsity of the statement drawn up by Holcomb, and for which, it was urged, Henry Prior was liable. The referee having found the facts as above stated, reported in favor of defendant; and judgment was entered on his report.

*The supreme court,* at general term, refused to disturb the conclusions of fact as found by the referee, and also held that whatever adoption of the statement drawn up by Holcomb could be fixed on Henry Prior from his having incorporated it in his bill of sale, was qualified and avoided by the further reference to the books of the firm; and that the statement was not therefore fraudulent on the part of Henry Prior, although false in fact. Plaintiff appealed to this court.

*J. D. H. Chamberlin,* for plaintiff, appellant;—Insisted that the conclusions of fact of the referee were contrary to the undisputed evidence, and that this was error of law which could be reviewed by the court,—cited, Brown *v.* Penfield, 24 *How. Pr.* 64 ; Buckingham *v.* Payne, 36 *Barb.* 81 ; 22 *How. Pr.* 431 ; 20 *Barb.* 547. That Holcomb was the agent of Henry Prior for the purpose of giving information to plaintiff of the condition of the firm; *Paley on Agency,* part 1, ch. 1; 2 *Kent Com.* 612 ; Gladstone *v.* King, 1 *M. & S.* 35 ; Jeffrey *v.* Bigelow, 13 *Wend.* 521 ; Heim *v.* Mill, 13 *Ves.* 120 ; Warrick *v.* Warrick, 3 *Atk.* 294 ; Bank of U. S. *v.* Davis, 1 *Hill,* 451 ; Sandford *v.* Handy, 23 *Wend.* 260; Olmsted *v.* Hotailing, 1 *Hill,* 317.

*William W. Goodrich,* for defendants, respondents.—That Henry Prior was not responsible for statements made by Holcomb, cited, N. Y. Life & Trust Co. *v.* Beebe, 7 *N. Y.* 364;

Vail v. Judson, 4 E. D. Smith, 165 ; Scott v. McGrath, 7 Barb. 53 ; Gibson v. Colt, 7 Johns. 390. That by waiting five years after he became a member of the firm before bringing suit, he waived his right; 2 Pars. Cont. 278, 4 ed. ; Norton v. Young, 3 Greenl. 30 ; Hunt v. Silk, 5 East, 449 ; Masson v. Bovet, 1 Den. 69 ; Campbell v. Fleming, 1 Ad. & E. 40.

MORGAN, J.—The questions litigated on the trial were mainly questions of fact. The plaintiff's counsel requested the referee to find various propositions of fact, some of which may have been supported by the evidence, but I do not understand that we are at liberty to examine the evidence in detail with a view of deciding whether the referee erred in his refusal to find certain facts ; although we should come to the conclusion that his omission to do so arose out of an entire misapprehension of the evidence. The report of the referee, so far as it involves questions of fact, is not open to review in this court. We cannot say that any facts are established by the evidence except such as are found by the referee. It is said by the appellant's counsel that the referee utterly discarded the evidence and came to a wrong result upon the undisputed facts of the case. This he thinks was an error in the law. It was, doubtless, competent for the supreme court to reverse the judgment and award a new trial upon such a theory of the case. That court has authority to examine and pass upon the facts as well as the law; while this court can only pass upon the law. Hoyt v. Thompson, 19 N. Y. 207; Griffin v. Marquardt, 17 Id. 28 ; S. C. again, 21 Id. 121; Cady v. Allen, 18 Id. 573. We must take the statement of facts as we find it in the record.

It is claimed, however, by the appellant's counsel, that, upon the facts found by the referee, the plaintiff was entitled to judgment. The ground of this claim is; that Henry Prior represented the financial condition of the firm to be different from what he knew it to be ; or, at least, that he affirmed that to be true of which he knew nothing.

I think the report of the referee plainly shows that the statements contained in the schedule made out by Holcomb were essentially untrue ; and if these statements are to be regarded as those of Henry Prior, upon which the plaintiff relied before

making his purchase, the alleged fraud would probably be sufficiently proved.

While it may be admitted that the evidence would have justified the referee in finding such a state of facts, nothing of the kind can be gathered from his report. On the contrary, it is stated in the report of the referee, that Henry Prior was a farmer living on his farm on Long Island; that he took no active part in carrying on the said business, and was unacquainted with the condition of the same; and that he himself believed in the truth of the statements made by Holcomb, upon the basis of which the trade was consummated. There is no ground, either upon the evidence or upon the findings of fact by the referee, to charge Henry Prior with knowledge of the pecuniary condition of the firm of Prior, Holcomb & Co.; nor is there any finding of fact that *he assumed* to know its condition, or that the plaintiff relied upon any statements made by Henry Prior in relation to its condition before the purchase.

There is no error in law which would justify this court in reversing the judgment.

I think the judgment should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.